UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-01034-REB

STEPHEN C. TRUJILLO,

    Plaintiff,

v.

JOANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## ORDER REVERSING DISABILITY DECISION AND REMANDING TO COMMISSIONER

**Blackburn, J.**

    The matter before me is plaintiff's Complaint [#3], filed June 6, 2005, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that he is disabled as a result of chronic back and knee pain. After his application for supplemental security income benefits was denied initially, plaintiff requested a hearing before an administrative law judge. A hearing was held on February 6, 2002. Although an unfavorable decision was issued, the Appeals Council vacated the decision and remanded the case to the ALJ to obtain further clarification

and consideration of the opinion of plaintiff's treating physicians, to consider further plaintiff's residual functional capacity, and to obtain the testimony of a vocational expert. A second hearing was held on August 12, 2004. At the time of this hearing, plaintiff was 47 years old. He has a high school equivalency diploma and past work experience as a car detailer, stocker, and compact disc order picker. Plaintiff has not engaged in substantial gainful activity since June 5, 2000.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. Although finding that plaintiff could not return to his past relevant work, the ALJ determined that he had the residual functional capacity to perform a significant range of sedentary work and that there were jobs existing in significant numbers in the national economy that he could perform. The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th

Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. **Id.**

### III.  LEGAL ANALYSIS

Plaintiff presents two primary arguments on appeal: (1) that the ALJ failed to afford proper weight to the opinion of his treating physician, Dr. Dexter Koons, and that therefore, his resulting assessment of plaintiff's residual functional capacity was flawed; and (2) that the ALJ erred in discrediting his subjective reports of pain.  Both these arguments have merit.

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 416.927(d)(2); **see also Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003).  A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision.  **Watkins**, 350 F.3d at 1301; **Goatcher v. United States Department of Health & Human Services**, 52 F.3d 288, 290 (10th Cir. 1995).  Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence.  **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987).  Yet even when a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." **Social Security Ruling** 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996).  **See also Langley v. Barnhart**, 373 F.3d 1116, 1119 (10th Cir. 2004).[1]

---

[1] These factors include:

    1.    the physician's length of treatment of the claimant;

In remanding the case for further consideration, the Appeals Council noted that Dr. Koons, a neurosurgeon to whom plaintiff first had been referred in 2001, had submitted a report indicating that plaintiff could not perform substantial gainful activity and directed the ALJ to "[o]btain additional evidence from Dexter D. Koons, M.D., the claimant's treating source, including further clarification of his opinion and medical source statements about what the claimant can still do despite his impairment." (Tr. at 41.) In response, Dr. Koons completed a Residual Physical Functional Capacity Assessment form, in which he opined that plaintiff could sit and stand for no more than 30 minutes a day, walk for no more than 15 minutes a day, and lift no more than ten pounds occasionally. Further, Dr. Koons suggested that plaintiff could "never" use his feet to operate leg controls and should "never" bend, climb, balance, stoop, kneel, crouch, crawl, or squat. (*Id*. at 102-104.)[2] The ALJ gave "some, albeit limited weight" to Dr. Koons's opinion on the basis that "Dr. Koons's own medical reports fail to support the degree of limitation assessed and more recent notes from Dr. Koons fail to note any objective abnormality. Only the plaintiff's subjective complaints of pain are reported."

---

2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 416.927(d)(2)-(6).

[2] Despite these severe limitations, Dr. Koons further opined that plaintiff could perform sedentary work, the criteria of which were clearly set forth in his report. (*See* Tr. at 106-107.) Nevertheless, because the ALJ did not rely on this apparent inconsistency in rejecting Dr. Koons's opinion and considered only his more restrictive findings regarding plaintiff's functional limitations, it cannot provide a basis for upholding the ALJ's determination. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").

(*Id*. at 21-22.)

It is true that Dr. Koons's notes are brief and appear to rely significantly on plaintiff's self-reports of pain. Nevertheless, the ALJ unfairly characterized Dr. Koons's opinion. By focusing on the lack of objective medical evidence referenced in Dr. Koons's more recent notes, the ALJ failed to acknowledge that tests performed on plaintiff when he was first referred to Dr. Koons did show evidence of degenerative changes in his spine. For example, an MRI performed prior to plaintiff's first visit with Dr. Koons showed "early degenerative changes involving L4-5 and L5-S1 without herniation" and "no evidence of nerve root compression," and Dr. Koons opined that plaintiff's leg pain "[m]ost likely" was caused by "a chemical neuritis related to leakage of chemicals through the cracks and tears in the degenerated discs." (*Id*. at 278; *see also id*. at 230 (MRI report).) A diskogram performed subsequently confirmed the diagnosis of degenerative disk disease. (*Id*. at 274.) Although these tests were not performed contemporaneously with Dr. Koons's functional capacity assessment, there is no evidence that plaintiff's condition had improved in the intervening years. If the ALJ was unsure of the matter, it was his duty to contact Dr. Koons to further develop the record in this regard. *See* 20 C.F.R. § 416.927(c)(3); **Social Security Ruling** 96-5p, 1996 WL 374183 at *6 (SSA July 2, 1996).

Moreover, the fact that Dr. Koons's relied on plaintiff's subjective reports of pain is not sufficient reason in itself to discredit his opinion:

> A medical finding of disability . . . includes an evaluation of

>     the patient's medical history and the physician's
>     observations of the patient, and necessarily involves an
>     evaluation of the credibility of the patient's subjective
>     complaints of pain.  A medical opinion based on all of these
>     factors is medical evidence supporting a claim of disabling
>     pain, even if the objective test results, taken alone, do not
>     fully substantiate the claim.

***Nieto v. Heckler***, 750 F.2d 59, 60-61 (10th Cir. 1984); ***see also Orender v. Barnhart***, 2002 WL 1747501 at *6-7 (D. Kan. July 16, 2002).  There is absolutely nothing to suggest that Dr. Koons thought plaintiff was malingering, and his aggressive course of treatment suggests that he did in fact credit plaintiff's subjective reports of pain.

Relatedly, it appears likely that the ALJ's own disbelief of plaintiff's subjective complaints of pain led him to discredit Dr. Koons's opinion.  The ALJ discredited plaintiff's reports of pain because they were not supported by objective medical evidence and because of alleged "inconsistencies" in the evidence regarding plaintiff's use of pain medications, his activities of daily living, his perceived ability to sit through a consultative examination without apparent discomfort, and his poor earnings record.  (Tr. at 20-21.)  In general, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  ***White v. Barnhart***, 287 F.3d 903, 909 (10th Cir. 2001) (quoting ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)).  Nevertheless, I find that the ALJ's credibility determination here cannot withstand scrutiny under even this lenient standard.

The Commissioner's own regulations make clear that a lack of objective medical evidence alone is not sufficient to discredit a claimant's subjective reports of disabling pain.  ***See*** 20 C.F.R. § 416.929(c)(2).  The Tenth Circuit therefore has outlined a

tripartite test for evaluating subjective complaints of pain:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Musgrave*, 966 F.2d at 1375-76 (citing **Luna v. Bowen**, 834 F.2d 161, 163-64 (10th Cir. 1987)).  This test recognizes that an impairment that can be thought to produce some pain may produce disabling pain in a particular individual.  **Luna**, 834 F.2d at 164.  It therefore has particular relevance in a case such as this, where plaintiff's subjective experience of pain far outstrips the objective medical evidence of his impairments.  **See Large v. Apfel**, 1999 WL 651390 at *3 (10th Cir. Aug. 26, 1999); **Brock v. Shalala**, 1995 WL 143114 at *1-2 (10th Cir. Mar. 29, 1995).  Nevertheless, the ALJ did not even cite to this standard, let alone apply it.

   This lapse might be subject to harmless error analysis if the ALJ's credibility determination were otherwise supported by substantial evidence, but it is not.  The ALJ discounted plaintiff's subjective reports of pain in part because he found that "[i]f [plaintiff's] pain were as limiting as he alleges, it is reasonable to expect [him] to exhibit a greater willingness to try alternative medications."  (Tr. at 20.)  This statement seriously mischaracterizes the record, which shows that plaintiff has tried many different types of powerful narcotics, including Percocet and Oxycontin, as well as a number of aggressive, invasive therapies, culminating most recently in the unsuccessful implantation of a spinal cord stimulator.  None of these therapies successfully relieved

plaintiff's pain for very long, if at all.  (*See* Tr. at 67-79, 83-89, 94-101, 270-271, 291-292.)[3]  Even drugs plaintiff characterized as "working" only reduced his pain to "8-9/10" (*id*. at 99), or lasted "3-4 hours" (*id*. at 78).  The failure of a condition to respond to treatment is the essence of disability.  *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (pain is disabling when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment"); *cf. Fessler v. Apfel*, 11 F.Supp.2d 1244, 1253 (D. Colo. 1998) ("If an impairment can reasonably be treated or controlled it cannot constitute a disability.") (citation and internal quotation marks omitted).

None of the other bases cited by the ALJ lends any further support to his credibility determination.  The recitation of plaintiff's activities of daily living woefully understates the reported effect of pain on his life.  Nothing in the record contradicts plaintiff's testimony that he spends most of the day in the same recliner in which he sleeps, trying, largely unsuccessfully, to find a comfortable position.  Moreover, at best, the fact that plaintiff was able to sit through his consultative exam without apparent discomfort sheds little light on his credibility, at least in the absence of any evidence whatsoever regarding the duration of the examination.  *See also Kreie v. Bowen*, 656 F.Supp. 765, 769 (D. Kan. 1987) (disapproving ALJ's use of "sit and squirm" standard for judging claimant's complaints of pain based on his demeanor at the hearing) (citing *Teter v. Heckler*, 775 F.2d 1104, 1106 (10th Cir. 1985)).  Finally, the ALJ's reliance on plaintiff's past earnings record as evidence that he "may have always lacked the

---

[3] The ALJ's notation that plaintiff indicated in January, 2004, that he wanted no stronger pain medications (Tr. at 20, 96), fails to put that statement in context.  Plaintiff appears to have long resisted taking stronger pain medications for fear of becoming addicted.  (*Id*. at 94, 98.)

10

motivation to work" (Tr. at 21), is frankly rather shocking. No medical source has ever accused plaintiff of being a malingerer, and it is equally likely that his minimal earnings are due to a paucity of higher paying jobs for someone with a high school education. Given that the ALJ did not ask plaintiff to explain his earnings record, this finding is not based on substantial evidence and provides no support for the ALJ's conclusions regarding plaintiff's credibility.[4]

For all these reasons, the ALJ's disability decision cannot stand.[5]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not presumptively disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to:

    a.    Reevaulate Dr. Koons's residual physical functional capacity assessment in light of the standards herein set forth;

    b.    Recontact Dr. Koons for further clarification of his findings, seek the testimony of a medical expert, or otherwise further develop the record as he deems necessary;

    c.    Reevaluate plaintiff's subjective reports of pain using the test prescribed by *Luna v. Bowen* and the Commissioner's regulations;

    d.    Reassess plaintiff's residual functional capacity in light of his

---

[4] The ALJ did ask plaintiff a few questions about his earnings, before realizing that he was consulting another claimant's file. (Tr. at 405-406.)

[5] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

11

reevaluation of the evidence as above directed; and

e. Reassess the disability determination.

Dated March 14, 2005, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**